# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAZMANE-MONET PRESTON, | ) | CASE NO. 1:24-cv467 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| GEIS RESIDENTIAL MANAGEMENT, | ) | **ORDER** |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jazmane-Monet Preston, proceeding *pro se*, filed a civil complaint against Geis Residential Management ("Geis") and Rebecca Morris, asserting claims based on the allegedly unlawful denial of a rental application. (ECF No. 1). Plaintiff did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis* (ECF No. 2), which the Court hereby **GRANTS**.[1] For the reasons stated below, Plaintiff's complaint is **DISMISSED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On March 12, 2024, Plaintiff, proceeding *pro se*, filed the instant complaint against Defendants. (ECF No. 1). Plaintiff indicated that there was federal question jurisdiction over this action and listed the following as the basis for the Court's jurisdiction: (i) "Constitution: make any Thing but gold and silver coin a tender in payment of debts"; (ii) "Equal Credit Opportunity Act:

---

[1] The Court notes that Plaintiff's *in forma pauperis* ("IFP") application is somewhat incongruent with the context of her complaint. Plaintiff alleges in the complaint that she applied for a $4,400 per month apartment and provided documentation demonstrating she had a retirement account valued at approximately $30,000, as proof of income. (ECF. No. 1, PageID #4; ECF No. 1-3, PageID #31). Yet she represented in her IFP application that she is indigent and also failed to report information concerning her retirement account. (ECF No. 2). Under 28 U.S.C. § 1915(e)(2)(a), the Court shall dismiss an IFP complaint if the Court determines that the allegation of poverty is untrue. Although the Court has a difficult time reconciling the above discrepancies, it will grant Plaintiff's IFP application at this time. The Court cautions Plaintiff, however, that such an incomplete and incongruous application may be denied in the future.

1

unlawful discriminatory practices on the basis of age"; (iii) "Consumer Credit Cost Disclosures Act: unauthorized use of credit"; (iv) "Breach of Contract in a Credit sale"; and (v) "UCC Title 8-507: failure to comply with Entitlement Order." (*Id.* at 3).

Plaintiff made factual assertions under the "Statement of Claim" as follows. On October 23, 2023, Plaintiff submitted a rental application to Geis for an apartment at the Iconic Living at The 9, requesting a "Sky Unit" with a monthly rental cost of $4,400. (ECF No. 1, PageID #3–4; ECF No. 1-2). Plaintiff paid a $85 application fee and received access to two residential portal accounts. (*Id.* at PageID #3). The application stated that approval was subject to "Satisfactory Employment, Residency, Criminal History, and Credit Verification." (*Id.* at PageID #4). Defendant Morris requested more information from Plaintiff, including a driver's license, and declined to accept the application as security collateral. (*Id.*). Through email exchanges, Morris insisted that the application would be automatically denied without proper verification of income. (*Id.*). "Plaintiff submitted employment information and six months of bank statements from a 401K savings account holding 3 times the monthly rent to [Morris]." (*Id.*). Morris then sent a different rental application with different terms and accused Plaintiff of not filling out the original application in its entirety. (*Id.*). Plaintiff filled out an online application but Morris refused to accept the 401K bank statement and denied the rental application on October 30, 2023. (*Id.* at PageID #5). On October 31, 2023, Plaintiff noticed "an added monthly charge of $3,995 for rent per month" when checking the online residential portal and had her access to the account restricted after informing Geis of the charge. (*Id.*).

Under the "Relief" section, Plaintiff alleges that Geis violated: (i) the Equal Credit Opportunity Act through age discrimination; (ii) "the contract" by refusing to accept 401K bank account statements for income verification; (iii) the Consumer Credit Cost Disclosures Act by

adding a monthly rent charge to Plaintiff's account; (iv) "the duty of a Security Intermediary to comply with an Entitlement Order of an authorized person"; and (v) "the Constitution[al] right to credit due to gold and silver being the only means to pay any debt." (*Id.* at PageID #5–6). As actual relief, Plaintiff requests $700,000 in damages.[2]

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not

---

[2] The complaint seemingly alleges that the requested damages and her homelessness are the result of Plaintiff having lost her employment due to being wrongfully denied credit. (ECF No. 1, PageID #6). There are no allegations or explanation as to when she lost her employment, where she was employed, or why the denial of credit caused her to lose employment.

meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A complaint must contain either direct or inferential allegations regarding all the material elements of *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (cleaned up) (citations omitted). Although specific facts are not required to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Wells*, 891 F.2d at 594.

First, the complaint runs afoul of the pleading requirements under Fed. R. Civ. P. 10. The Federal Rules of Civil Procedure require separately numbered paragraphs and separate "counts" for each claim asserted in a pleading:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed R. Civ. P. 10(b). Reviewing the complaint, the Court is not certain what specific claims, or

4

how many separate claims, Plaintiff wishes to assert. The complaint does not label any counts, claims, or causes of action, and it certainly does not separate them into separate, discrete sections.

The Court recognizes that the Sixth Circuit "has not explicitly addressed whether failure to separately state counts provides grounds for a court to . . . dismiss the claim." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 n.2 (6th Cir. 2013). But it has noted that "the separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint and separation will facilitate clear presentation." *See id.* (citing *Northwest Airlines, Inc. v. Gleen L. Martin Co.*, 9 F.R.D. 551, 552 (N.D. Ohio 1949)). In this case, dismissal appears appropriate because the failure to separate and properly label Plaintiff's claims results in a lack of proper notice to the defendants.[3]

This conclusion is further bolstered by the pleadings failure to comply with the requirements of Fed. R. Civ. P. 8(a). Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Even if the Court were to liberally construe the pleadings as asserting claims for violations of the Equal Credit Opportunity Act ("ECOA"), the Consumer Credit Cost Disclosure Act, a duty of a Security Intermediary, and for breach of contract, Plaintiff's complaint is largely comprised of conclusory allegations or legal conclusions, without any real or meaningful citation to legal authority.[4] In fact, each supposed assertion of any potential cause of action is comprised of a single sentence that does not cite a specific portion of a statute or provide sufficient facts to support a

---

[3] The Court notes that other circuits have adopted an approach of requiring separate claims to be asserted in separate counts, particularly when the failure to separate results in a lack of proper notice. *See, e.g., Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011).

[4] Regardless, the complaint fails to assert any claims against Morris. The complaint explicitly alleges that all violations were committed solely by "Defendant No. 1" (Geis) without any mention of Morris. (*See* ECF No. 1, PageID #5–6).

5

plausible claim.[5] Such conclusory, "unadorned, the defendant unlawfully harmed me" accusations are insufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

IV. **CONCLUSION**

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 28, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[5] For example, to the extent that Plaintiff is asserting a claim under the ECOA for age discrimination, the complaint fails to present facts plausibly demonstrating that Defendants used her age as a basis for rejecting her rental application. According to documents attached to Plaintiff's complaint, Defendants informed Plaintiff that a retirement account does not qualify as a bank account as outlined in the rental application. (*See* ECF No. 1-3, PageID #28; ECF. No. 1-4, PageID #42). After Plaintiff failed to submit another source of income information, Plaintiff's application was denied. Plaintiff's unsupported allegation that her application was denied because of her age is speculative and conclusory; therefore, she fails to state a plausible violation of the ECOA.